———o———

No. 3511.

(Court of Appeal, Parish of Orleans.)

ANTHONY BONFIGLIO, vs. THE THURINGIA INSURANCE

CO, OF ERFURT GERMANY.

Fraud or false swearing by the insured touching any matter relating to the issuance or the subject thereof, whether before or after a loss, where the false swearing is knowingly and wilfully done and the fraud consists in an attempt to cheat the insurer by imposing upon him liability for a loss which has not been sustained, defeats the right to recover according to the terms of the contract.

Appeal from Civil District Court Division D.

L. P. Paquet, and Benj. Ory, Plaintiff and Appellant.

Clegg and Quintero, Defendant and Appellee.

MOORE, J. This was a suit on a policy of fire insurance. The defense was fraud and false swearing.

There was judgment for defendant and plaintiff appeals.

It appears that a party of the same name as the plaintiff, subleased to the latter a portion of a store leased by him.

The store was divided into three sections, separated by wooden partitions.

Between two of the sections a door led into each. One of these sections was occupied by the other Bonfiglio as a bar room and the other section by Anthony Bonfiglio, plaintiff herein, as a small and cheap eating house, or, as demonstrated by the witnesses, as a kitchen.

On the 7th day of April 1903, plaintiff effected with the defen-

dant company insurance for $300 on 'ist a "stock "of wines, liquors and groceries and such other goods as may be used in his (the insured) line of business"; and 2nd for $100 on restaurant furniture and fixtures xxx ice box tables and chairs, crockery and glass ware, range and such other articles as may be useful in his line of business."

On the 15th of the same month and year the policy was reformed so as to strike out "wines and liquors" and to reduce the amount of the stock (groceries) insured to $200 and to increase the second item of insurance from $100 to $200.

Promptly on the 26th day of April 1903; nineteen days after the issuance of the policy and eleven days following the reformation of the policy as shown, a fire occurred in the premises. It occurred on a Sunday night, the three sections of the store being closed for business.

The flames being quickly extinguished by the fire department an entrance into the building was effected by both police and fire inspectors, when it was revealed that, to a five gallon demijohn of gasoline; opened gas jets in both bar room and eating house; a judicious sprinkling on the walls of gasoline and the corpse of Bonfiglio, the bar keeper which was found on the floor, the origin of the fire could be devised.

Investigation, however, revealed more. It showed not only that the fire was the result of incendiarism but that, with the exception of scorching the walls and partition, the fire had not destroyed anything in the eating house or damaged them beyond recognition.

It was demonstrated that nothing more was contained in the plaintiffs premises prior to and at the moment of the fire, there was found there after the fire had been extinguished. The sum total of the contents was one old cooking stove, an ice box, a wooden bench, a gasoline stove, and oyster counter and some few pieces of broken crockery.

Notwithstanding this fact the plaintiff (who by the way it may be stated, was not seen from the day preceeding the fire until some two weeks afterwards, notwithstanding diligent search for him by the police, his excuse for his absence being that he took sick on the afternoon preceding the fire and was confined to a sick bed in a friend's house, until the day of his reappeareance), presented to the insurer a proof of loss duly sworn to by him as true and correct, wherein he fixes his loss at $485.00, divided as follows: Stock of groceries etc, $250.00; restaurant furniture and fixtures etc, $235.30, and he repeats under oath, when testifying in the cause, the presence of these things in the premises at the time of the fire, their loss, and the values stated. He itemized the articles embraced under the head of "Restaurant furniture, fixtures etc" and their values, as follows:

309

Knives, forks, crockery and glassware ............... $49.55
1 Double Miller range, boiler and sink .............. 155.00
7 Tables 6 feet long at $1.50........ ............... 10.50
2      "    4    "    "    "    1.00................... ..... 2.00
1 Ice Box..................................... 5.00
3 Doz Chairs................................. 18.00
3 Cots....................................... 5.25

$235.30

With the exception of the ice box, it is conclusively established that his testimony is false and that none of these articles were in the premises at the time of the fire, no more than that there was a dollar of merchandise there. His counsel do not contend that there can be any recovery for the alleged loss of groceries etc, but they urge in their brief, no oral argument having been submitted," that as the witnesses saw in the premises occupied by the plaintiff even after the fire, at least the following articles: one range, one counter one ice box, a bench, some crockery—plates; these articles forming part and parcel of the property insured under the second item of the policy, and as their value has been established by bills in the record, thus the range at $155.00; the ice box $5.00, and the Counter at a figure not established, but it is safe to assume that it is worth not less than $5.00, there should be a judgment for $165.00".

Pretermitting the fact that this practicable abandonment of the right to recover for the alleged stock of goods, which is included in the suit, is an admission of what has, without this admission, been overwhelmingly proven, that the claim for loss of merchandise was a deliberate and fraudulent attempt of the plaintiff to impose upon the insurance company liability for a loss which he has not sustained, and to endeavor to support it by wilful perjury and with intent to cheat; and which therefore, under the law of insurance as well as under the clear and specific terms of the policy, avoids the entire policy, it may be answered: first, that no witness saw any range in the premises, nor any crockery and plates, except a few broken pieces, and *secondly*, and as a fair example of the character of plaintiff's testimony it may be said that the bill in the record by which it is claimed it is shown that the range was valued at $155.00, is a bill dated Nov. 1st 1903, *six months after the fire*, and introduced in evidence when the plaintiff, was testifying, March 31st 1904, of similar date is a bill for 3 cots amounting to $5.25 which plaintiff, both in his proof of loss and in his testimony, claims were in the premises on the 26th April 1903.

The case reeks with fraud and false swearing.

The false swearing is not only false, but was knowingly and wilfully done. It is not a case simply of overvaluation due to mistake or error of judgment without fraudulent intent but was a deliberate and fraudulent scheme of the plaintiff to cheat the insurance company.

310

. Under the law and the terms of the policy, even if the plaintiff has in fact sustained some loss, which he has not, he could not recover.

The judgment is affirmed.